Filed 6/27/24  P. v. Estrada CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUDY ESTRADA,<br><br>    Defendant and Appellant. | E081561<br><br>(Super.Ct.No. SCR51024)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson, Felicity Senoski and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

In 1990, a jury found defendant and appellant Rudy Estrada not guilty of first degree murder, robbery, and burglary. However, the jury convicted him of the lesser included offense of second degree murder.

Estrada petitioned for resentencing on the ground that recent changes to the law abrogated the grounds of his second degree murder conviction. (Pen. Code,[1] § 1170.95, since renumbered as § 1172.6.) The trial court denied the petition, and Estrada appeals that order. In his view, the trial court's ruling, based on its finding that Estrada could be convicted of felony murder under current law with *attempted* robbery as the underlying felony, impermissibly conflicts with the jury's findings at trial.

We agree the record establishes the jury found Estrada did not commit attempted robbery. Nevertheless, we conclude the trial court was correct to deny the petition because the record also establishes the jury necessarily found Estrada guilty of directly aiding and abetting the murder, a still valid theory. We therefore affirm the denial of Estrada's petition.

BACKGROUND

In 1990, the People filed an information charging Estrada with murder (§ 187, subd. (a), count 1), robbery (§ 211, count 2), and commercial burglary (§ 459, count 3), and alleging he personally used a firearm in committing those offenses (§§ 1203.06, subd. (a)(1), 12022.5). The jury found Estrada guilty of only the lesser included offense

---

[1] Undesignated statutory references are to the Penal Code.

of second-degree murder on count 1, found him not guilty on counts 2 and 3, and found the firearm enhancement allegations to be not true. The trial court sentenced him to 15 years to life. In an unpublished opinion, we affirmed the judgment. (*People v. Perez* (Apr. 28, 1992, E008365).)

Estrada was tried together with one of his codefendants, Peter Paul Perez, who was convicted of first degree special circumstance murder and burglary, as well as alleged enhancements, and was sentenced to life without the possibility of parole plus a determinate term. With minor modifications, we affirmed Perez's judgment. (*People v. Perez*, *supra*, E008365.) Three other codefendants reached plea agreements and testified at the trial; one, Bert Wilson, was called by the People, while the other two were called as defense witnesses.

The People initially opposed issuing an order to show cause on Estrada's petition for resentencing, but after a chambers conference the trial court and the parties agreed the petition stated a prima facie claim for relief. At the May 2023 evidentiary hearing, the evidence consisted of: (1) a stipulated summary of the facts; (2) this court's unpublished opinion on direct appeal from the judgments against Estrada and Perez, *People v. Perez*, *supra*, E008365; (3) transcripts of two parole hearings for Estrada, one from 2004 and another from 2018; and (4) part of the trial transcript, including Wilson's testimony and the testimony of a police officer involved in arresting Estrada and his codefendants.

The parties' stipulated summary of the facts was the following:

3

"On August 13, 1989, Defendant Estrada was at a fiesta when his friend, co-defendant, Perez, arrives with two or three other individuals and asks him if he wants to go do a robbery. Defendant eventually agrees. Defendant has his friend and the other individuals take him to his house for the purpose of getting his gun. Once he had his gun, they all went to the Texaco gas station in Fontana to do the robbery.

"Defendant and his friend, Perez, go inside the Texaco station while the other individuals wait in the car. Both Defendant Estrada and Perez had a gun. During the robbery, a struggle ensued because the victim did not want to give up the money. During the struggle, the victim lunged toward Perez. The first shot was fired. Estrada then ran out of the store and two more shots were fired. Estrada did nothing to stop the murder or assist the victim. At the parole hearing in 2018, Estrada stated "I helped kill him cause I didn't say nothing." [Citation.] Also, at the parole hearing in 2018, Estrada said, "I should have said something. I should have stopped it, but I didn't.' [Citation.]"

The trial court denied Estrada's petition. It explained it had evaluated the evidence with reference to CALCRIM No. 540B, a pattern instruction for first degree felony murder. It found the evidence "established that the defendant, along with Perez and Wilson, attempted to commit a robbery. During that attempted robbery, Perez shot and killed the victim. The defendant was a major participant in the attempted robbery. And when he participated in the attempted robbery, he acted with reckless indifference to human life."

4

DISCUSSION

Estrada argues the trial court erred by denying his petition based on a theory of liability that was foreclosed by the jury's findings at trial acquitting him of robbery, burglary, and first degree murder.[2] "Generally, in determining whether a trial court correctly denied a section [1172.6] petition after an evidentiary hearing, '"'we review the factual findings for substantial evidence and the application of those facts to the statute de novo.'"'" (*People v. Cooper* (2022) 77 Cal.App.5th 393, 412 (*Cooper*).) Also, we may affirm a judgment or order "on any basis fairly supported by the record . . . ." (*Williams v. Superior Court* (2017) 3 Cal.5th 531, 554.) We find no error in the denial of Estrada's petition, though we disagree with the trial court's reasoning.

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), to "modify accomplice liability for murder and the felony-murder rule." (*People v. Gentile* (2020) 10 Cal.5th 830, 841.) To do this, it "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule." (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) "The now-eliminated natural and probable consequences doctrine had allowed an accomplice to be found guilty of murder if a 'jury determined that he aided and abetted [a] target crime[] and that murder was a natural and probable consequence of the offense.'" (*People v. Mares* (2024) 99 Cal.App.5th 1158, 1164.) "The felony-murder

---

[2] This is not an argument he raised in the trial court. We exercise our discretion to consider it on the merits.

5

doctrine had allowed accomplices to be held liable for murder simply by participating in certain felonies with the killer. The limited doctrine now allows accomplices to a felony to be held responsible for a cohort's act of murder only if the accomplice 'with the intent to kill' aided and abetted 'the actual killer in the commission of murder in the first degree' or the accomplice was a 'major participant in the underlying felony and acted with reckless indifference to human life.'" (*Ibid.*)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended," now codified at section 1172.6. (*People v. Strong* (2022) 13 Cal.5th 698, 708.) To satisfy this requirement, "a petition must allege three statutory conditions of eligibility are satisfied." (*Mares*, *supra*, 99 Cal.App.5th at p. 1165; see § 1172.6, subd. (a).) The first is that "the petitioner faced charges allowing the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory of imputed malice." (*Mares*, at p. 1165; see § 1172.6, subd. (a)(1).) The second is that "the petitioner was convicted of murder, attempted murder, or manslaughter or pled guilty when they could have been convicted of murder or attempted murder." (*Mares*, at p. 1165; see § 1172.6, subd. (a)(2).) The third is that the petitioner "'could not presently be convicted of murder or attempted murder" because of the changes to the murder statutes (§§ 188 or 189) enacted by Senate Bill 1437. (*Mares*, at p. 1165; see § 1172.6, subd. (a)(3).)

6

Generally, "[i]f the petition makes a prima facie showing that the petitioner satisfies these requirements, the court must issue an order to show cause and hold a hearing at which the prosecutor is required to prove beyond a reasonable doubt that the petitioner is guilty of murder under current law."[3] (*People v. Guillory* (2022) 82 Cal.App.5th 326, 330 ; see § 1172.6, subds. (c), (d).)  At such a hearing, either side may introduce new evidence, and the prosecution may rely on theories of guilt not raised at trial.  (§ 1172.6, subd. (d)(3); *People v. Schell* (2022) 84 Cal.App.5th 437, 444.)

Nevertheless, a section 1172.6 hearing is *not* an opportunity for the prosecution to relitigate theories of murder already rejected by the finder of fact at trial.  For example, in *People v. Arnold* (2023) 93 Cal.App.5th 376, the trial court's denial of the defendant's resentencing petition was based on a finding the defendant had stabbed the victim and thus was an actual killer.  That finding contravened the jury's not true finding on an allegation that defendant personally used a knife, so the court of appeal reversed.  (*Id.* at pp. 379, 383-387; accord *People v. Henley* (2022) 85 Cal.App.5th 1003, 1020; *Cooper*, *supra*, 77 Cal.App.5th at p. 417.)

The jury did not find Estrada guilty of first-degree murder, so it rejected the argument that he was guilty under a felony murder theory with a robbery or burglary as

---

[3]  Subdivision (d)(2) of section 1172.6 "sets out two scenarios in which a hearing is not necessary: first, where the parties 'waive a resentencing hearing and stipulate that the petitioner is eligible' for resentencing, or second, if 'there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony.'" (*People v. Garcia* (2023) 93 Cal.App.5th 416, 421-422, quoting *People v. Guillory*, *supra*, 82 Cal.App.5th at p. 332.)

the underlying felony. Thus, no matter how strong the evidence presented at trial or at the section 1172.6 hearing, the trial court could not deny Estrada's petition based on a finding beyond a reasonable doubt that Estrada committed felony murder with robbery or burglary as the underlying felony, and therefore was liable for murder under current law. To do so would impermissibly "'turn[] acquittals . . . into their opposites.'" (*Cooper*, *supra*, 77 Cal.App.5th at p. 413.)

The trial court's expressed reasoning, finding Estrada guilty beyond a reasonable doubt of felony murder with *attempted* robbery as the underlying felony, has some initial appeal. Although the information charged Estrada with both "the commission and attempted commission" of robbery, at no point did the prosecution argue attempted robbery as a theory of the case. Also, the jury was not instructed on attempt as a general legal concept, nor did it receive any instruction on attempted robbery or attempted burglary as lesser included offenses.

Such reasoning does not stand up, however, to close examination of what the jury must have found to return the verdict it did. The jury was instructed on first degree felony murder as follows: "The unlawful killing of a human being, whether intentional, unintentional or accidental, which occurs [during the commission *or attempted commission* of a crime] of Robbery or Burglary is murder of the first degree when the perpetrator had the specific intent to commit such crime. [¶] The specific intent to commit Robbery or Burglary and the commission *or attempted commission* of crime must be proved beyond a reasonable doubt." (Italics added.) The jury was also instructed on

8

aider and abettor liability for first degree felony murder with reference to both "the commission or attempted commission of the crime of Robbery or Burglary." The necessary inference from these instructions, together with the verdict acquitting Estrada of first degree murder, robbery, and burglary and finding him guilty only of second degree murder, is that the jury found reasonable doubt that Estrada committed either the completed or attempted form of robbery or burglary. (See *People v. Cortes* (2022) 75 Cal.App.5th 198, 205 ["we presume a jury understands and follows the court's instructions"].) Thus, the trial court's contrary finding that Estrada was a major participant in an attempted robbery during which the victim was murdered—no matter how strong the evidence in support of that finding—also impermissibly turns an acquittal "'into [its] opposite[].'" (*Cooper*, *supra*, 77 Cal.App.5th at p. 413.)

Nevertheless, for different reasons, we find the trial court was correct to deny Estrada's petition. Relief is available under section 1172.6 only for those who could not "presently be convicted of murder or attempted murder because of changes to Section 188 or 189" enacted by Senate Bill 1437. (§ 1172.6, subd. (a)(3).) A petitioner who was convicted on a still-valid theory of murder or attempted murder is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) That means at a hearing on whether the petitioner is entitled to relief, the prosecution may show that the defendant in fact already was found guilty beyond a reasonable doubt *at trial* on a theory of murder unaffected by the changes enacted by Senate Bill 1437. While questions about the theory of murder underlying a conviction often are resolved at the prima facie stage—either by

9

identifying the theory the jury must have adopted or by determining that there is no way to know—in some cases those questions may remain open at the evidentiary hearing, for a variety of reasons. In this case, the jury instructions that underpin our analysis were not a part of the record during the petition process in the trial court; they were added to the appellate record by an unopposed motion to augment filed by the People in conjunction with their appellate brief.

Here, the jury instructions and verdicts, together with the available facts, compel the conclusion that Estrada was not convicted of felony murder *at all*, let alone convicted on a theory of felony murder abrogated by Senate Bill 1437. Certainly, it was the prosecution's theory at trial that the victim was murdered while Estrada and Perez were committing robbery and burglary. But the jury acquitted Estrada of both robbery and burglary. As discussed, the jury must have also found reasonable doubt as to whether Estrada committed attempted robbery or attempted burglary; otherwise, under the instructions, it would have had to find Estrada guilty of first degree murder, not second degree murder. Similarly, the jury could not have found Estrada guilty of murder on a natural and probable consequences theory. There is nothing in the parties' stipulated facts, nor anywhere else in the record, suggesting some other crime besides the rejected robbery and burglary charges that might underly a finding of liability under natural and probable consequences doctrine. Moreover, again, under the instructions it was given, if the jury somehow found liability under the natural and probable consequences doctrine, it would have had to find Estrada guilty of first degree murder, the crime it found Perez

10

committed.[4] And given that Perez was the actual killer, the jury must have found Estrada guilty of directly aiding and abetting Perez in committing the murder. He is therefore ineligible for relief under section 1172.6, and his petition was properly denied.

Of course, it at first appears that there might be an incongruity between Perez's first degree murder conviction and Estrada's second degree murder conviction for aiding and abetting Perez. The verdicts are, however, not inconsistent but explainable by findings of differing mental states. An aider and abettor's "guilt is based on a combination of the direct perpetrator's acts and the aider and abettor's *own* acts and *own* mental state." (*People v. McCoy* (2001) 25 Cal.4th 1111, 1117; see also *People v. Nero* (2010) 181 Cal.App.4th 504, 517 ["[A]n aider and abettor's guilt may . . . be less than the perpetrator's, if the aider and abettor has a less culpable mental state"].) In this case, the jury found Perez committed the murder while committing a burglary (though it acquitted him of robbery). (*People v. Perez, supra*, E008365.) Under the jury's first degree felony murder instruction, Perez was therefore guilty of first degree murder. The jury acquitted Estrada of robbery and burglary, leading to a different conclusion about the degree of his culpability for murder. This conclusion was consistent with its instructions, which

---

[4] The jury was instructed as follows: "One who aids and abets is not only guilty of the particular crime that to [his] knowledge [his] confederates are contemplating committing, but [he] is also liable for the natural and probable consequences of any criminal act that [he] knowingly and intentionally aided and abetted." You must determine whether the defendant is guilty of the crime originally contemplated, and, if so, whether the crime charged [in Counts 1, 2, and 3] was a natural and probable consequence of such originally contemplated crime."

11

defined second degree murder as an unlawful killing committed with express or implied malice, but without sufficient evidence to establish deliberation or premeditation.

We conclude the jury necessarily convicted Estrada of murder as a direct aider and abettor, and not on any theory of vicarious liability abrogated by Senate Bill 1437. He is therefore ineligible for relief under section 1172.6.

## DISPOSITION

We affirm the order denying Estrada's petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____

J.

We concur:

McKINSTER_____
          Acting P. J.

CODRINGTON_____
                    J.

12